UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JOHN COTTON                                         **JURY TRIAL**

    Plaintiff,

V                                                   CIVIL ACTION NO.

JAMES CAROUTH D/B/A
PRIMIER AUTO BROKERS

DIRECT EXPRESS AUTO TAG
& TITLE L.L.C.

    Defendants.                          SEPTEMBER 17, 2009

## COMPLAINT

**FIRST COUNT:**

1. This is an action for a declaratory judgement, a permanent injunction and damages for violation of the Motor Vehicle Information and Cost Saving Act (Odometer Law) 49 U.S.C. § 32801 et seq. and for violation of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-105 *et seq.*, and for violation of [COMAR] §11.12.01.15], and for violation of [COMAR] § 11.12.01.20 and for violation of [COMAR] 11.15.14.04 and Common Law Fraud.

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

3. Plaintiff is a resident of town of Silver Springs, Montgomery County and State of Maryland.

4. Defendant James Carouth hereinafter referred to as ("Carouth") is an individual doing business under a fictious name of Premier Auto Brokers with a place of business at 619 Brightview Drive, Millersville, Anna Arundel County, MD 21108.

5. Defendant Direct Express Auto Tag & Title, L.L.C. hereinafter referred to as ("Direct Express") is a domestic corporation authorized to do business in Maryland with a place of business at 704 North Route 3, Gambrills, MD 21054.

6. On or about April 6, 2009, Plaintiff entered into a consumer transaction with Carouth to buy a 2002 Cadillac, VIN – 1G6KD54YX2U123314 ("Vehicle") in the sum of $7,900, for personal, family or household use.

7. At the time Carouth sold the Vehicle to Plaintiff, he failed to obtain Plaintiff's signature on the title certificate, as required by regulations under the federal Motor Vehicle Information and Cost Savings Act ("Odometer Law") 49 U.S.C. § 32705. See 49 C.F.R. § 580.5. Based on information and belief had Carouth obtained Plaintiff's signature on the title certificate, as required, it would have disclosed to Plaintiff that the Vehicle had **112,895 miles on the odometer** however, Carouth wished to and did conceal from Plaintiff that information in order to obtain a better price for the Vehicle and with an intent to defraud Plaintiff.

8. Based on information and belief, Carouth a licensed "Wholesale Dealer" in the State of Maryland purchased the Vehicle from Manhein Baltimore Washington Auction located at 7120 Dorsey Road, Elkridge, MD on or about March 2009.

9. On or about April **19**, 2009, Carouth **allegedly** sold the Vehicle to Best Deal

Motors, Wetumpla, Alabama with an **odometer reading of 70,988 miles**, not withstanding he had previously sold the Vehicle to Plaintiff on April 6, 2009.

10. On or about April 22, 2009, Plaintiff accompanied by his son John Cotton, Jr., along with Carouth went to Direct Express' office located in Gambrills, MD to sign the Application for Certificate of Title.

11. Based on information and belief, on April 22, 2009 Carouth, presented the Title for the Vehicle to Direct Express towards the completion of the transfer of the Vehicle to Plaintiff, with an Odometer Reading of **72,305 miles,** notwithstanding that last transfer on the title was dated April 23, 2009, and a Bill of Sale by Best Deal, Wetumpla dated of April 23, 2009 to Plaintiff, a dealer unknown to Plaintiff.

12. Direct Sales, acting in concert, with Carouth processed the application for Certificate of Title for the Vehicle showing a sale price of $1,595, when in fact the sale price paid to Carouth was $7,900 on post dated documents.

13. Direct Sales, knew or should have known that Carouth did not possess a Maryland dealer's license to sell automobiles for retail and that Carouth was licensed as a Maryland Wholesale dealer, and that he was not authorized to sell automobiles to retail buyers, such as Plaintiff.

14. Direct Sales, in concert with Carouth transferred the Vehicle into Plaintiff's name on April 22, 2009, based on a title dated April 23, 2009 and a Buyer's Order dated April 23, 2009, executed by a Donald Lufkin, representative for Best Deal Motors, Wetumpla, AL, who was not present at Direct Sales' office on April 22, 2009.

15. On or about April 23, 2009 Best Deal Motors, Wetumpla, Alabama **allegedly** sold the Vehicle to Plaintiff with an **odometer reading of 72,305 miles**, a dealer that Plaintiff had no knowledge was in the chain of title or a dealer that he ever did business with.

16. Plaintiff purchased the Vehicle on April 6, 2009 by writing a check for "Cash" in the sum of $7,900, handing the check to the manager of SunTrust Bank in Glen Burnie, via a pre-arranged meeting set up by Carouth and to the best of Plaintiff's knowledge the manager for SunTrust Bank acted in such a manner to deposit the $7,900 into an account owned or controlled by Carouth.

17. Plaintiff has been damaged by Carouth's and Direct Express' actions.

**SECOND COUNT:**

18. The allegations of the First Count are repeated as if fully set forth herein.

19. Carouth is licensed by the State of Maryland pursuant to Transportation Title (Vehicle Laws) § 15.305.1 Wholesale Dealers.

20. Transportation Title (Vehicle Laws) § 15.301 states a Licensee means a dealer's licensed issued by the Administration.

20. Carouth violated Transportation Title § 15.305.1.4, Wholesale Dealers, that states "May not sell a vehicle to or exchange vehicles with a retail buyer" Transportation by selling the Vehicle to Plaintiff.

21. Carouth violated Transportation Title 15, Vehicle Laws §15.312 (b) "Making material misrepresentations in obtaining vehicle sales contracts. A dealer or an agent or

employee of a dealer may not make any material misrepresentation in obtaining a vehicle sales contract" when he obtained what purports to be Plaintiff's signature on a Bill of Sale from Best Deal Motors, Wetumpla, AL.

22. Carouth violated Transportation Title, 15 Vehicle Laws § 15.312 (c), Fraud. "A dealer or an agent or employee of a dealer may not commit any fraud in the execution of or any material alterations of a contract, power of attorney, or other document incident to a sales transaction" when Carouth obtained what purports to be Plaintiff's signature on A Bill of Sale from Best Deal Motors, Wetumpla, Al.

23. Carouth violated Transportation Title, 15 Vehicle Laws § 15.312. (c) Fraud. When he sold plaintiff the Vehicle with an odometer that has been rolled back approximately **42,741 miles**.

24. Carouth violated COMAR § 11.12.01.15 by failing to provide Plaintiff a vehicle sales contract or agreement when he sold Plaintiff the Vehicle for $7,900.

25. Carouth violated COMAR § 11.12.01.20 Odometer Fraud, by failing to provide Plaintiff, at time of transfer, an accurate odometer reading on the Vehicle and by failing to inform Plaintiff that the Odometer had been rolled back **42,741 miles**.

26. Carouth violated Transportation Title, 15 Vehicle Laws – Deceptive Advertising Practices § 15-313(a), when he represented to Plaintiff that the mileage on the Vehicle was **72,305 miles** rather than in excess of **112,895 miles**.

27. Plaintiff has been damaged by Carouth.

**THIRD COUNT:**

28. The allegations of the First Count are repeated as if fully set forth herein.

29. Carouth made a false representation of material fact when he transferred the Vehicle to Plaintiff with an odometer reading of **72,305 miles** on the odometer.

30. Carouth knew that his representation that the odometer reading was approximately **72,305 miles** when the Vehicle was transferred to Plaintiff.

31. Carouth intended to induce the Plaintiff to believe that the odometer reading was approximately **72,305 miles,** notwithstanding that the Vehicle had in excess of **112,895 miles** at time of transfer of the Vehicle to Plaintiff.

32. Plaintiff was justified in relying on the representations made by Carouth that the odometer reading was accurate at time of transfer.

33. Plaintiff has been damaged by Carouth's actions.

**FOURTH COUNT:**

34. The allegations of the First Count are repeated as if fully set forth herein.

35. Carouth and Direct Express, each is a, "merchant" within the meaning of the Maryland Consumer Protection Act ("CPA") Comm. Law, § 13-101(g), and are subject to all of the CPA's provisions prohibiting unfair or deceptive trade practices including those in Md. Code Ann., Comm. Law §§ 13-303 and 13-301.

36. On or about April 6, 2009, Plaintiff entered into an agreement with Carouth to purchase the Vehicle described in ¶ 5, above and Carouth failed to disclose that the Vehicle's odometer had been rolled back approximately **41,000 miles** in violation of Maryland State Statutes, and the Department of Transportation Regulations §

11.12.01.20, and did so with intend to defraud him.

37. Carouth failed to provide the Plaintiff with an odometer statement as required by the Federal Odometer Act on the proper title documents and did not show Plaintiff title at time of sale.

38. Based on information and belief Carouth did not provide Plaintiff a Copy of a bill of sale evidencing the Contract of Sale prior to delivering the motor vehicle to Plaintiff. In violation of [COMAR] §11.12.01.15.

39. Carouth violated Transportation Title 15 (Vehicle Laws) – Deceptive Advertising § 15-313(a) when he represented to Plaintiff that the mileage on the Vehicle was accurate.

40. Carouth violated Transportation Title, 15 Vehicle Laws § 15.312 (c ), Fraud, when he obtained what purports to be Plaintiff's signature on a Bill of Sale from Best Deal Motors, Wetumpla, AL when in fact, Plaintiff had no dealing with Best Deal Motors.

41. Carouth violated Transportation Title 15, Vehicle Laws § 15.312. (c) Fraud when he sold Plaintiff the Vehicle with an odometer statement of the title that had been rolled back about **42,741 miles**.

42. Base on information and belief, Direct Express acting in concert with Carouth enabled Carouth to apply for a new title to the Vehicle using a Re-Assignment Application, a Buyer's Order from an Alabama dealership, postdated, a title post dated without the presence of the alleged signer of the title and Buyer's Order being present.

43. Direct Sales knew or should have know that Carouth was licensed, only, as a Whole-Sale Dealer by the State of Maryland and was not authorized to enter into retail transactions selling automobiles to consumers like Plaintiff.

44. As a result of Direct Sales' and Carouth's actions, Plaintiff has been damaged.

WHEREFORE, it is respectfully prayed that this Court:

1. Award Plaintiff treble damages (3 x actual damages) or $1,500 statutory damages, whichever is greater, costs and attorney fees on Count I.

2. Award Plaintiff actual damages on Count II.

3. Award Plaintiff actual damages, compensatory damages, punitive damages, cost and attorney fees on Count III.

4. Award Plaintiff statutory damages, costs and attorney fees on Count IV.

5. Award such other or further relief, including the return of the motor vehicle, as the Court deems just or equitable.

THE PLAINTIFF

BY /s/ Bernard T. Kennedy

Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com